Michael J. Hoover, Bd. on Judicial Standards, St. Paul, for appellant.

John C. McNulty, St. Paul, for respondent.

Complaint Concerning The Honorable Robert Crane **WINTON**, **Jr.**, Judge of District Court, Hennepin County, State of Minnesota.

No. C8–83–150.

Supreme Court of Minnesota.

Oct. 12, 1984.

Petition for Substituted Opinion Denied Nov. 14, 1984.

PER CURIAM.

The Director of Lawyers Professional Responsibility moved this court for an order allowing the Director, as well as the respondent, to be heard on the issue of whether the respondent should be disciplined as a lawyer as a result of this court's May 25, 1984 opinion removing respondent from the Hennepin County District Court bench. We deny the motion and dismiss the pending investigation of respondent insofar as it relates to matters

that were before this court in the judicial disciplinary proceeding.[1]

For a full procedural history of the judicial disciplinary proceeding, *see Complaint Concerning Winton*, 350 N.W.2d 337, 338–339 (Minn.1984). On the day that opinion was released, the Director of Lawyers Professional Responsibility requested the Board of Judicial Standards to furnish him with its files and records in the judicial proceeding and simultaneously requested respondent and his counsel meet with the Director to address the issue of whether lawyer discipline was appropriate under Rule 12(g), Rules of Board on Judicial Standards. The requested meeting occurred on May 31, 1984. At the time of this meeting, our decision was not yet completely final. *See* Minn.R. Board Jud.Stand. 12(i). At the May 31, 1984 meeting, the Director and respondent's counsel discussed several possible procedures to bring to a head any possible lawyer disciplinary proceedings against respondent. The parties then also agreed to defer all further action in the lawyer disciplinary matter until other pending criminal investigations had been concluded. This court was so advised by letter from the Director. The court's decision removing respondent from office became final under Minn.R. Board Jud.Stand. 12(i) on June 11, 1984.

Respondent argues that following the expiration of the time within which he could petition for rehearing, the Lawyers Professional Responsibility Board lost jurisdiction to proceed with the lawyer disciplinary investigation against respondent for acts that were the subject matter of the judicial removal proceeding because this court in *Complaint Concerning Winton* did not find that discipline as a lawyer was "warranted."[2] *See* Minn.R. Board Jud.Stand. 12(g). On the other hand, the Director

contends that the last sentence of Minn.R. Board Jud.Stand. 12(g) is mandatory and that the Lawyers Professional Responsibility Board has a right to be heard before this court on possible lawyer discipline.

We reject the Director's position. In considering and deciding *Complaint Concerning Winton*, the court determined, notwithstanding it was ordering removal from judicial office, lawyer discipline was not warranted. We there emphasized that a judge "has the responsibility of conforming to a higher standard of conduct than is expected of lawyers * * *." *Complaint Concerning Winton*, 350 N.W.2d at 340. We concluded that "respondent's prostitution activities, wholly apart from violations of other statutes," was sufficient to impose the judicial discipline of removal. *Complaint Concerning Winton*, 350 N.W.2d at 343.

In denying the Director's motion and in dismissing the proceedings on grounds of lack of jurisdiction, we are only doing so with respect to the acts of misconduct which were before this court and passed on by this court in *Complaint Concerning Winton*, 350 N.W.2d 337 (Minn.1984).

TODD, J., took no part in the consideration or decision of this case.

---

1. By letter addressed to this court from respondent's attorney dated July 3, 1984, respondent contended the Lawyers Professional Responsibility Board had no jurisdiction to proceed on matters which were a part of the judicial proceeding.

2. Minn.R. Board Jud.Stand. 12(g) reads:

The court, when considering removal of a judge, shall determine whether discipline as a lawyer also is warranted. If removal of a judge is deemed appropriate by the court, it shall notify the judge and the Lawyers Professional Responsibility Board and give them an opportunity to be heard on the issue of the lawyer discipline, if any, to be imposed.